LEHMAN

At an IAS Part _1_ of the
Supreme Court of the State
of New York, held in and
for the County of Nassau,
at the Courthouse thereof,
100 Supreme Court Drive,
Mineola, New York on the
13 day of August, 2012.

PRESENT:

HON. STEPHEN A. BUCARIA
HONORABLE _____,
                                    Justice.

-----------------------------------------------------------X

In the Matter of the Application of

GENESIS SECURITIES, LLC and WILLIAM C. YEH,

                                    Petitioners,

Pursuant to CPLR § 7503(b) to Stay an Arbitration
and

WAYNE KULCHESKI and HARINDER TOOR,

                                    Respondents.

-----------------------------------------------------------X

Index No. 12-010309

ORDER TO SHOW
CAUSE WITH
TEMPORARY
RESTRAINING
ORDER

PART 75

UPON reading and filing the annexed Verified Petition, verified August 9, 2012, together with the exhibits annexed thereto, the Affidavit of William C. Yeh, sworn to on the 9th day of August, 2012, the ~~Affidavit~~ affirmation of exigent circumstances of Scott D. Stechman, sworn to on the 9th day of August, 2012, and the accompanying Memorandum of Law,

LET the Respondents Wayne Kulcheski and Harinder Toor show cause before an IAS Part of this Court, to be held in Courtroom ___ on the ___ day of ___, 2012 at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard, at the Supreme Court Courthouse, 100 Supreme Court Drive, Mineola, New York 11501, why an order pursuant to CPLR § 7503(b) should not be granted and entered staying that certain arbitration commenced by

Respondents Wayne Kulcheski and Harinder Toor before FINRA Dispute Resolution, titled *Wayne Kulcheski and Harinder Toor v. Genesis Securities, LLC and William C. Yeh*, FINRA Dispute Resolution Arbitration No. 12-0555 (the "FINRA-DR Arbitration") on the grounds, *inter alia*, that there is no agreement to arbitrate between Respondents Wayne Kulcheski and Harinder Toor, on the one hand, and Petitioners Genesis Securities, LLC and William C. Yeh, on the other; and

Sufficient cause being alleged therefor; it is

**ORDERED** that pending the hearing and determination of this application, the FINRA-DR Arbitration is stayed, and Respondents Wayne Kulcheski and Harinder Toor, their agents, representatives, attorneys and all others in active concert or participation with them, be and they hereby are stayed from prosecuting or participating in any manner in the FINRA-DR Arbitration; and it is further

**ORDERED** that service of this Order to Show Cause and Petition With Index Number and Filing Date Endorsed Thereon and the papers on which it is based, upon Respondents' counsel, Kaufmann, Gildin, Robbins & Oppenheim LLP, 777 Third Avenue, New York, New York 10017, by personal service or certified mail return receipt requested, on or before the 14 day of August, 2012, be deemed good and sufficient service; and it is further

**ORDERED** that Respondents Wayne Kulcheski and Harinder Toor shall serve their Answer and supporting affidavits, if any, at least seven (7) days before such time as this Order to Show Cause is returnable, and a Reply, together with supporting affidavits, if any, shall be served one (1) day before such time.

E N T E R:

_____
J.S.C.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------ X
In the Matter of the Application of

GENESIS SECURITIES, LLC and WILLIAM C. YEH,

                                        Petitioners,

Pursuant to CPLR § 7503(b) to Stay an Arbitration
and

WAYNE KULCHESKI and HARINDER TOOR,

                                        Respondents.
------------------------------------------------------------------ X

Index No.

AFFIDAVIT OF
WILLIAM C. YEH

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

        WILLIAM C. YEH, being duly sworn, deposes and says:

        1.    I am an individual petitioner and the former president and chief executive officer of Genesis Securities, LLC ("Genesis" or the "Firm"), the other petitioner in this special proceeding (collectively, the "Petitioners").

        2.    I submit this affidavit in support of Petitioners' application, brought by order to show cause, pursuant to CPLR § 7503(b): (i) for a permanent stay of the arbitration proceeding commenced by respondents Wayne Kulcheski ("Kulcheski") and Harinder Toor ("Toor") (collectively, the "Respondents") before FINRA Dispute Resolution, Inc. ("FINRA-DR") titled *Wayne Kulcheski and Harinder Toor v. Genesis Securities, LLC and William C. Yeh*, FINRA Dispute Resolution Arbitration No. 12-0555 (the "FINRA-DR Arbitration"); and (ii) the issuance of a temporary restraining order staying the FINRA-DR Arbitration and staying Respondents from

prosecuting or participating in any manner in that proceeding pending the hearing and determination of this application. I have personal knowledge of the facts and circumstances set forth in this affidavit.

3. A Statement of Claim in the FINRA-DR Arbitration (the "Claim") was received by me and Genesis via certified mail, return receipt requested, on July 23, 2012. A copy of the Claim, together with all attached exhibits, are annexed to the accompanying verified petition (the "Petition") at Exh. "1."

**No Agreement to Arbitrate Exists**

4. Petitioners never consented to arbitrate any dispute with the Respondents. At no time did Genesis and I sign any agreement to arbitrate this dispute with the Respondents. Consistently, the Claim does not allege the existence of any such agreement to arbitrate.

5. I am advised by counsel and do believe that in the absence of a valid and legally binding agreement to arbitrate, Genesis and I are not legally obligated to arbitrate this dispute. Accordingly, on that essential basis, it is respectfully submitted that Petitioners' application for a stay of the FINRA-DR Arbitration should be granted.

**Respondents Are Not Customers of Genesis**

6. Genesis was a broker-dealer registered with the Financial Industry Regulatory Authority ("FINRA") from 1999 until February 13, 2012.

7. At no time during the time Genesis operated as a broker-dealer were the Respondents customers of Genesis or otherwise were in privity with Genesis or me. Nor at any time were the Respondents registered as associated persons of the Firm.

8. Respondents did not sign any account opening documents, including a customer agreement or margin agreement (or any other documents, for that matter) establishing a customer relationship with Genesis. Respondents were never reflected as customers of Genesis on its books and records. Consistent with that position, Respondents never proffered or supplied any customer identification documentation to the Petitioners. Indeed, there is no evidence of Respondents having brokerage accounts established on the Firm's books and records.

9. Consistently, as a non-customer, Respondents never would have received -- and they did not receive – written trade confirmations or other correspondence from Genesis. Likewise, as a non-customer, Respondents would not have received – and they did not receive -- monthly and annual account statements, Forms 1099-DIV reflecting their gains and losses and interest, if any, or privacy notices from Genesis, each of which would, in fact, be provided to actual customers of the Firm.

10. Respondents never deposited or otherwise transferred any monies, securities or any other assets to Genesis (or me). Nor did Respondents ever solicit or receive any investment advice from Petitioners with respect to the buying or selling of securities.

11. Genesis never received any securities, cash or other property of the Respondents via transfer from another securities brokerage account or otherwise. Nor did Genesis ever transfer any money, securities or other property to Respondents.

12. In short, none of the indicia establishing the existence of a customer relationship between a customer and a broker-dealer exists here.

13. Because the Respondents did not have a direct transactional relationship with Genesis, I am advised by counsel that Respondents cannot be deemed customers of Genesis. Respondents themselves tacitly acknowledge their non-customer status by failing to allege anywhere

3

in the Claim that they were customers of Genesis. Indeed, Respondents actually describe themselves as independent contractors with another entity – Bear Capital Fund, LLC ("Bear Capital") – with which they opened accounts to day trade. *See* Claim at 3.

**A Temporary Restraining Order
Restraining Respondents from Proceeding
with the FINRA-DR Arbitration is Necessary**

14. It is respectfully submitted that a temporary restraining order prohibiting Respondents from proceeding with the FINRA-DR Arbitration pending judicial determination of Petitioners' application is necessary and appropriate. As is detailed in the accompanying affirmation of Scott D. Stechman, Esq., sworn to August 9, 2012, FINRA-DR has advised Petitioners by letter that an answer specifying the relevant facts and available defenses to the Claim is required to be served by us in the FINRA-DR Arbitration no later than September 10, 2012. A copy of the FINRA-DR letter is attached to the accompanying Petition at Exhibit "2."

15. To reiterate, Petitioners did not agree to arbitrate any dispute with Respondents and I am advised by counsel that Genesis and I risk being deemed to have "participated in the arbitration" within the meaning of CPLR § 7503(b) if we were to answer the Claim.

16. In addition, unless a temporary restraining order is granted by this Court, Petitioners will be greatly prejudiced and needlessly will be compelled to expend substantial time and resources defending against Respondents' meritless claims in an arbitral forum in which neither Genesis nor I ever agreed to participate with the Respondents – FINRA-DR.

17. On the other hand, the granting of a temporary restraining order will not unduly prejudice Respondents since that relief will simply maintain the status quo while the pending application is considered and ruled upon by the Court.

4

**WHEREFORE**, I respectfully request that the Court: (i) grant the application of Petitioners Genesis Securities, LLC and William C. Yeh for a stay of the FINRA-DR Arbitration pursuant to CPLR § 7503(b) ; and (ii) issue an order granting Petitioners' request for a temporary restraining order staying Respondents Wayne Kulcheski and Harinder Toor, and all those in active concert or participation with them, from prosecuting or participating in any manner in that arbitration proceeding pending the hearing and determination of Petitioners' application, together with such other and further relief as the Court deems appropriate.

WILLIAM C. YEH

Sworn to before me
this 09 day of August, 2012

Notary Public

ANDREW PRASHAD
Notary Public - State of New York
NO. 01PR6264559
Qualified in Westchester County
My Commission Expires 07/02/16

5

Affirmation of
Scott D. Stechman

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
In the Matter of the Application of

GENESIS SECURITIES, LLC and WILLIAM C. YEH,

                                Petitioners,

Pursuant to CPLR § 7503(b) to Stay an Arbitration
and

WAYNE KULCHESKI and HARINDER TOOR,

                                Respondents.
-------------------------------------------------------------------X

Index No.

**AFFIRMATION OF
SCOTT D. STECHMAN**

      **SCOTT D. STECHMAN**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true, under penalties of perjury:

      1.     I am senior counsel of the law firm of Lehman & Eilen LLP, counsel for petitioners Genesis Securities, LLC ("Genesis") and William C. Yeh ("Yeh") (collectively, the "Petitioners"). I submit this affirmation in support of Petitioners' application, brought by order to show cause, for the entry of an order pursuant to CPLR § 7503(b): (i) staying that certain arbitration proceeding commenced by respondents Wayne Kulcheski and Harinder Toor (collectively, the "Respondents") before FINRA Dispute Resolution, Inc. ("FINRA-DR"), titled *Wayne Kulcheski and Harinder Toor v. Genesis Securities, LLC and William C. Yeh,* FINRA-DR Arbitration No. 12-02555 (the "FINRA-DR Arbitration") on the grounds, *inter alia,* that no agreement to arbitrate exists; and (ii) issuing a temporary restraining order barring the Respondents from prosecuting or participating in any manner in the FINRA-DR Arbitration pending the hearing and determination of this application.

2. A true and correct copy of Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes is annexed hereto as Exhibit "A."

3. As set forth in the accompanying affidavit of William C. Yeh, sworn to August 9, 2012, Genesis and Yeh received the Statement of Claim (the "Claim") (Exhibit "1" to accompanying verified petition dated August 9, 2012 (the "Petition")) and ancillary documents from FINRA-DR via certified mail, return receipt requested, on July 23, 2012. In a letter accompanying the Claim, Petitioners were directed by FINRA-DR to serve and file an answer to the Claim by September 10, 2012 or face potential adverse consequences. *See* Petition, Exh. "2."

4. Accordingly, in order to avoid being faced with the untenable situation of being forced to choose between defaulting in serving an answer to the Claim by September 10, 2012, or expending substantial time and expense defending against claims in an arbitral forum in which Petitioners never agreed to participate with Respondents, Genesis and Yeh are obligated to proceed by order to show cause containing a temporary restraining order so that the Court has sufficient time with which to address the issues pending the threshold determination as to whether a valid agreement to arbitrate exists.

5. Under these exigent circumstances, it is respectfully submitted that the relief requested herein is necessary and appropriate.

6. Respondents will suffer no undue prejudice arising from the granting of this application since the temporary relief requested merely will maintain the status quo pending the hearing and determination of Petitioners' underlying application for a stay of the FINRA-DR Arbitration.

7. No previous application for the relief requested herein has been sought.

**WHEREFORE,** it is respectfully requested that the Court immediately act upon the request of Petitioners Genesis Securities, LLC and William C. Yeh and issue a temporary restraining order: (i) staying the FINRA-DR Arbitration; and (ii) staying Respondents Wayne Kulcheski and Harinder Toor and their agents, attorneys and all those in active concert or participation with them, from prosecuting or participating in any manner in the FINRA-DR Arbitration pending the hearing and determination of Petitioners' application for a stay of that proceeding.

Dated: Uniondale, New York
August 9, 2012

*/s/ Scott D. Stechman*
SCOTT D. STECHMAN

Exhibit A



Print

## 12200. Arbitration Under an Arbitration Agreement or the Rules of FINRA

The Customer Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Customer Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code.

Parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:

    (1) Required by a written agreement, or

    (2) Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

©2012 FINRA. All rights reserved.